UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 99-048 L |
| | : | |
| BERNARD JUGLER | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Bernard Jugler ("Defendant") is in violation of the terms of his supervised release and, if so, for a recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was conducted on September 26, 2006. At that time, Defendant, both personally and through counsel, waived a violation hearing and admitted that he had violated the terms of his supervised release. Based on that admission, I find that Defendant has violated supervised release. For the reasons stated herein, I recommend that Defendant be continued on supervised release with the imposition of nine additional special conditions, as outlined below.

**Background**

On September 2, 1999, Defendant appeared before Senior (then Chief) United States District Judge Ronald R. Lagueux after pleading guilty to one count of enticing and coercing minors to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing such depictions would be transported and mailed in interstate commerce. Judgment of 9/9/99 (Document ("Doc.") #19) at 1. Defendant was sentenced to eighty-four months imprisonment to be followed by three years of

supervised release. Id. at 2-3. As special conditions of release, Defendant was ordered to participate in sex offender treatment and counseling as determined by the United States Probation Office and to register as a sex offender in whatever state in which he resides. Id. at 4. A special assessment of $50 was also imposed. Id. at 5.

Supervised release commenced on June 30, 2006, with an expiration date of June 29, 2009. Supervised Release Violation Report (the "Report") at 1. On or about September 14, 2006, Senior U.S. Probation Officer Brian Pletcher ("U.S.P.O. Pletcher") initiated a Petition for Summons for Offender under Supervision (the "Petition"), alleging that Defendant had violated one condition of his supervised release. See Petition at 1-2. In response to the Petition, Senior Judge Lagueux ordered the issuance of a summons, see id. at 2, and on September 20, 2006, a summons was issued directing Defendant to appear on September 26, 2006, before this Magistrate Judge to answer to the Petition, see Docket.

**The Violation**

The Report alleges that Defendant has violated the following condition of supervision in the manner indicated:

**Standard Condition: While on probation, Defendant shall not commit another federal, state, or local crime.**

On September 1, 2006, Defendant committed the offense of willful trespass as evidenced by his arrest by the Providence Police Department and subsequent conviction in Sixth Division District Court.

As to this violation, on September 1, 2006, the Providence Police responded to the Providence Public Library, Main Branch, for a complaint of willful trespassing. On that date, Defendant appeared in Sixth Division District Court and pled nolo contendere to one count of willful trespass and was sentenced to

one year probation and court costs of $93.50.

Security Officer Steven O'Brien reported that Defendant had entered the library after having previously been served with a no trespassing order. Approximately two weeks prior to the instant incident, Defendant had reportedly been observed on a library computer downloading pictures of naked children.

Defendant was interviewed by U.S.P.O. Pletcher on September 1, 2006, and admitted that he had previously downloaded images of naked children from the "Flicker.com" website, using the screen name "bjugler@hotmail.com." He denied that the children were involved in sexual acts or lewd poses.

On September 11, 2006, U.S.P.O. Pletcher interviewed Security Officer O'Brien, who reported that he and another employee observed Defendant downloading the images to a yellow 3.5 inch computer disk and placing it in his backpack. Security Officer O'Brien also reported that he was unable to obtain the disk and that the images could not be retrieved from the computer's hard drive. Defendant was questioned about the computer disk and stated that he left it at the Network RI office and that it did not contain any pictures of nude children.

**Travel**

On September 19, 2006, Senior Judge Lagueux ordered the issuance of a summons for Defendant to appear to answer to the Petition. See Petition at 2. The summons was issued, and Defendant appeared before this Magistrate Judge on September 26, 2006. At that time Defendant was advised of the Petition and of the grounds for the alleged violation. Defendant, both personally and through counsel, waived a violation hearing and admitted to the violation. This admission satisfied the Court that there was an adequate basis for finding that Defendant had violated the conditions of supervision. After receiving sentencing recommendations from both the Government and the

defense and hearing from Defendant personally, the Court stated that it would recommend the sentence expressed in this Report and Recommendation.

**Law**

**Statutory Provisions**

Section 3583(e)(2) of Title 18 of the United States Code ("U.S.C.") provides that if the court finds a defendant to be a violator of the conditions of supervised release, the court may extend the term of supervised release if less than the maximum authorized term was previously imposed and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Fed. R. Crim. P. relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. In this case, the maximum term of supervised release was previously imposed. Therefore, the term cannot be extended.

Pursuant to § 3583(e)(3) of Title 18 of the U.S.C., the court may, after considering certain statutory factors set forth in § 3553(a), revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Fed. R. Crim. P. applicable to revocation of supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. However, a defendant whose term is revoked under this paragraph may not be required to serve more than two years in prison if the offense that resulted in the term of supervised release was a class C felony. Here Defendant was on supervision for a Class C

felony. Thus, he may not be required to serve more than two years imprisonment upon revocation.

Section 3583(h) of Title 18 of the U.S.C. provides that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release (here three years), less any term of imprisonment imposed upon revocation of supervised release. See id.

**Sentencing Guidelines**

Section 7B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides for three grades of violations. Section 7B1.1(a) of the U.S.S.G. states that a Grade A violation consists of (A) conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Conduct consisting of any other offense punishable by a term of imprisonment exceeding one year constitutes a Grade B violation. Conduct constituting an offense punishable by a term of imprisonment of one year or less, or violation of any other condition of supervision, is classified as a Grade C violation. Section 7B1.1(b) provides that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade. In this case, Defendant has committed a Grade C violation.

Pursuant to §7B1.3(a)(2) of the U.S.S.G., upon a finding of a Grade C violation, the court may revoke, extend, or modify supervision. Since Defendant has committed a Grade C violation, the Court may revoke or modify the conditions of supervision.

Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(1) states that where the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term. Should the court find that Defendant has committed a Grade B or C violation, §7B1.3(c)(2) states that where the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision, which allows for alternatives for any portion of the minimum term, applies to this matter.

According to §7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under §7B1.4. In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.3(g)(2) of the U.S.S.G. provides that where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. See id. (citing 18 U.S.C. § 3583(h)). In this case, the authorized statutory maximum term of supervised release is three years. There has been no term of imprisonment previously imposed for violation(s) of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Pursuant to §7B1.4(a) of the U.S.S.G., the criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision. In this instance, Defendant had a criminal history category of III at the time of sentencing. The Revocation Table contained in §7B1.4(a) of the U.S.S.G. provides that, for a Grade C violation with a criminal history category of III, an imprisonment range of five to eleven months is warranted.[1]

Section 7B1.5(b) of the U.S.S.G. states that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered for time previously served on post-release supervision.

---

[1] The Court of Appeals for the First Circuit has held that Chapter 7 policy statements (including §7B1.4) are advisory rather than mandatory. See United States v. Ramirez-Rivera, 241 F.3d 37, 40 (1st Cir. 2001); United States v. O'Neil, 11 F.3d 292, 302 n.11 (1st Cir. 1993).

**Disposition**

**Recommendations By Government and Defense**

The Government recommended that Defendant not be incarcerated for the violation, but recommended that nine special conditions be imposed. Defense counsel and Defendant agreed to the conditions after the eighth condition was modified.

**Court's Recommendation**

The Court will follow the joint recommendation of the Government and the defense and recommend that Defendant be continued on supervised release, with the following special conditions, as modified at the September 26, 2006, hearing:

1) Defendant is prohibited from any access to any online computer service, at any location, without the written prior approval of the U.S. Probation Office. This is to include any internet service provider, bulletin board system, or any public or private computer network. Any approval shall be subject to conditions set by the U.S. Probation Office.

2) Defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of Defendant's computer systems, which may include retrieval and copying of all memory from hardware and/or software and/or removal of such systems for the purpose of conducting a more thorough inspection. Defendant will further consent to having installed on his computer at his expense any hardware or software to monitor his computer use or to prevent access to particular materials. Defendant will further consent to periodic

inspection of any such installed hardware and software to prevent its proper functioning.

3) Defendant shall have no contact with a minor, unless supervised by a responsible adult who is aware of Defendant's criminal history and risk and who is approved by the U.S. Probation Office.

4) Defendant shall not reside with anyone under the age of eighteen.

5) Defendant shall not possess any sexually explicit material including books, videos, magazines, and pornography of any kind, including nude or lewd photographs.

6) Defendant shall not own a cellular telephone, personal digital assistant, or any digital device with internet access or pornographic capabilities.

7) Defendant is prohibited from any employment involving children or unsupervised contact with children under the age of eighteen.

8) Defendant shall participate in a full disclosure sexual history polygraph to monitor compliance with the conditions of supervised release and treatment. This will be followed by semi-annual maintenance polygraph exams.

9) Defendant is prohibited from loitering in areas where children congregate, including schools,

playgrounds, arcades, amusement parks, recreation parks, and youth sporting events.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that Defendant be continued on supervised release with the addition of the above special conditions. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
October 17, 2006